NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| WOODROW MILLER, III, | : |
| Petitioner, | : Civ. No. 23-20134 (CCC) |
| v. | : **MEMORANDUM AND ORDER** |
| HON. JUDGE JOHN YOUNG, et al., | : |
| Respondents. | : |

**CECCHI, District Judge**

Pro se petitioner Woodrow Miller, III, a state pretrial detainee at Hudson County Correctional Facility in Kearny, New Jersey, filed a document styled "petition for a writ of mandamus and writ of habeas corpus." ECF No. 1 at 1. In it, Miller challenges his state pretrial detention on Speedy Trial Act grounds and seeks an order directing Respondents to release him from confinement. *Id*. The Court construes this document as a petition for writ of habeas corpus under 28 U.S.C. § 2241 because Miller challenges the basis for his pretrial detention. *See* 28 U.S.C. § 2241(c)(3) (authorizing issuance of writ of habeas corpus to prisoner being held "in custody in violation of the Constitution or laws . . . of the United States").[1] Before the Court is Miller's application to proceed *in forma pauperis* ("IFP") (ECF No. 1-1), and motion seeking release from

---

[1] *See also Hill v. Harper*, No. 22-1778, 2023 WL 5581026, at *2 (W.D. Pa. Aug. 29, 2023) ("under [§ 2241(c)(3)], a state criminal defendant has the mechanism in a federal habeas action to challenge the legality of his pretrial confinement by arguing that he should not be in pretrial custody in the first place because, for example: . . . he is being deprived of his constitutional right to a speedy trial") (citing *Braden v. Judicial Cir. Court of Kentucky*, 410 U.S. 484, 492-93 (1973)); *Becker v. Leith*, No. 19-13355, 2020 WL 1493560, at *1 (D.N.J. Mar. 27, 2020) ("Petitioner . . . filed a self-styled 'Petition for a Writ of Habeas Corpus Mandamus,' which this Court construes as a petition for writ of habeas corpus under 28 U.S.C. § 2241 because Petitioner challenges the basis for his pre-trial detention.").

confinement (ECF No. 3). For the reasons below, the Court will deny Miller's IFP application and motion for relief without prejudice.

A habeas petition must include either a $5.00 filing fee or an IFP application. 28 U.S.C. §§ 1914(a), 1915(a). A prisoner who seeks to proceed IFP must file (1) a completed affidavit of poverty; and (2) a certification signed by an authorized prison official certifying (a) the amount presently on deposit in the prisoner's prison account, and (b) the greatest amount on deposit in the prison account during the six months prior to the date of the certification. *See* Local Civil Rule 81.2(b). If the prison account exceeds $200.00, the prisoner is not eligible to proceed IFP, and the application will be denied.

Here, Miller seeks to proceed IFP (ECF No. 1-1), however, he did not file his application on the proper form. The Court also notes that Miller did not file his habeas petition on the proper form. Thus, the Court will administratively terminate the case and direct the Clerk of the Court to provide Miller with the proper IFP and § 2241 forms. Miller may reopen this matter by (1) either paying the filing fee or submitting an IFP application on the proper form with the appropriate supporting documents, and (2) filing his § 2241 petition on the proper form. Miller's motion for release from confinement (ECF No. 3) will be denied without prejudice as premature.

IT IS, therefore, on this 22nd day of January, 2024,

**ORDERED** that Miller's application to proceed IFP (ECF No. 1-1) is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Miller's motion for release from confinement (ECF No. 3) is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk of the Court shall administratively terminate this proceeding; Miller is informed that administrative termination is not a "dismissal" for purposes of the statute

of limitations, and that, if the case is reopened, it is not subject to the statute of limitations time bar provided the original petition was timely; and it is further

**ORDERED** that Miller may have this proceeding reopened, if, within 30 days of the date of the entry of this order, he (1) either pre-pays the $5.00 fee or submits to the Clerk a complete signed IFP application, including a complete affidavit and the required certification of an officer of the institution, and (2) files his § 2241 petition on the proper form; and it is further

**ORDERED** that, upon receipt of a writing from Miller stating that he wishes to reopen this proceeding and either a complete IFP application or filing fee within the time allotted by this Court, the Clerk will be directed to reopen this proceeding; and it is further

**ORDERED** that the Clerk shall serve (1) a copy of this Memorandum and Order; (2) a blank Application to Proceed In Forma Pauperis in a Habeas Corpus Case, form DNJ-Pro Se-007-B-(Rev. 09/09); and (3) a blank Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, form AO 242 (12/11), upon Miller by regular U.S. mail.

*s/Claire C. Cecchi*
**CLAIRE C. CECCHI, U.S.D.J.**